# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
Filed: February 18, 2026

```
* * * * * * * * * * * * *
SAPNA SHAH,                      *
                                 *
            Petitioner,          *        No.17-1011V
                                 *
v.                               *        Special Master Gowen
                                 *
SECRETARY OF HEALTH              *        Interim Attorneys' Fees and Costs.
AND HUMAN SERVICES,              *
                                 *
            Respondent.          *
* * * * * * * * * * * * *
```

*Diana L. Stadelnikas,* Mctlaw, Sarasota, FL, for petitioner.
*Lynn C. Schlie,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On July 25, 2025, Sapna Shah ("petitioner") filed a motion for interim attorneys' fees and costs. Petitioner ("Pet'r.") Interim Fee Motion ("Int. App.") (ECF No. 88). For the reasons discussed below, the undersigned **GRANTS** petitioner's motion and find that an award for interim attorneys' fees and costs is warranted.

### I.      Relevant Procedural History

Petitioner filed her claim in the National Vaccine Injury Compensation Program[2] on July 27, 2017, alleging that the influenza, DTap, hepatitis A and hepatitis B vaccines she received in November 2014 caused her to develop multiple sclerosis. Petition (ECF No. 1). Petitioner filed medical records to accompany her petition. Petitioner's Exhibits ("Pet'r. Exs.") 1-11 (ECF No.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website. This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa

6).  Petitioner also filed expert reports from Dr. Lawrence Steinman, Dr. Rohit Bakshi, and Dr. Jeffrey Silverman.  Pet'r. Ex. 14, 47, 51, 70.  Respondent also filed expert reports from Dr. Dara Jamieson and Dr. You-Wen He.  Respondent ("Resp't.) Exhibits A, C, X, AA.

This matter was stayed from March 31, 2020 through September 11, 2020, while petitioner's counsel changed law firms and petitioner was determining whether to continue with Ms. Wilson as counsel.  *See* Pet'r. Mot. to Stay (ECF No. 45); Order Lifting Stay, Non-PDF, Sept. 11, 2020.  Petitioner decided to stay with Mctlaw and a consented Motion to Substitute attorney was filed on April 27, 2020.  (ECF No. 46).

On May 28, 2025, petitioner filed a motion for a ruling on the record and respondent filed a response on August 25, 2025.  Pet'r. Motion for Ruling (ECF No. 85); Resp't. Response (ECF No. 91).  On July 25, 2017, petitioner filed this motion, seeking interim attorneys' fees and costs in the total amount of $202, 736.32.  Pet'r. Int. App.  at 2.  Specifically, petitioner is seeking $173,835.80 in attorneys' fees and $28,900.52 in attorneys' costs.  *Id.*; Pet'r. Ex. 78 & 79.

Respondent filed a response to petitioner's motion for interim attorneys' fees and costs on July 28, 2025, deferring to the Special Master as to whether the petitioner has met the statutory requirements for an interim fees and costs award and stating that if such an award is warranted, to determine a reasonable award.  Resp't. Response to Int. App. (ECF No. 89).  Petitioner filed a reply to respondent's response the same day, requesting that the special master award the full amount requested for interim attorneys' fees and costs.  Pet'r. Reply (ECF No. 90).

This matter is now ripe for adjudication.

## II. Entitlement to attorneys' fees and costs

### A.  Legal standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief   that a vaccine injury occurred.  *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  In this case, respondent does not contest that this petition was filed in good faith.  Further, petitioner has a belief that her multiple sclerosis was caused by the vaccines she received.  I agree that the petition was filed in good faith.

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)).  Petitioner filed accompanying medical records to support her petition, in addition, to filing multiple expert reports to support her claim for vaccine causation.  As such, I find that there is reasonable basis to award petitioner reasonable interim attorneys' fees and costs.

### B.  Interim awards

The Vaccine Act permits interim attorneys' fees and costs.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010).  In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship."  609 F.3d at 1375.  In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained."  515 F.3d at 1352.  I do not routinely grant interim fee applications.  I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.00.  If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred.  These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application.  I evaluate each one on its own merits.

This case has been pending since 2017 and the amount of attorneys' fees and costs requested by petitioner exceeds the amounts discussed above.  Additionally, petitioner has filed multiple expert reports and a motion for a ruling on the record, because of which  counsel incurred significant fees and costs.  As such, I find that an award of interim attorneys' fees and costs is appropriate.

### III. Reasonable attorneys' fees and costs

### A.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.  Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

## B.  Hourly rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2025 can be accessed online.

Petitioner is requesting that her former attorney, Ms. Amber Wilson, be reimbursed for her work on this case between 2017 and 2020 while at Mctlaw. Ms. Wilson's hourly rate for work performed in 2017 and 2018 was $308.00; $323.00 for work performed in 2019; and $345.00 for work performed in 2020. Pet'r. Int. App. Ex. 78. These hourly rates have previously been awarded to Ms. Wilson while practicing with Mctlaw and are consistent with OSM's Hourly Rate Fee Scheduled. *See Raymer v. Sec'y of Health & Hum. Servs.,* No. 17-590V, 2020 WL 3619511, at *2 (Fed. Cl. Spec. Mstr. June 12, 2020); *Kalajdzic v. Sec'y of Health & Hum. Servs.,* No. 17-792V, 2020 WL 4730399, at *3 (Fed. Cl. Spec. Mstr. July 20, 2020).

Ms. Stadelnikas was substituted as petitioner's counsel in April 2020 and has performed the work on this matter as this case continues. Petitioner is requesting that Ms. Stadelnikas be reimbursed at an hourly rate of $440.00 for work performed in 2020; $470.00 for 2021; $490.00 for work performed in 2022; $525.00 for work performed in 2023; $560.00 for work performed in 2024; and $605.00 for work performed in 2025. I have previously awarded these hourly rates for Ms. Stadelnikas in prior attorneys' fees decisions, finding that they are also consistent with OSM Forum Hourly Rate Fee Schedule. *See Dias v. Sec'y of Health & Hum. Servs.,* No. 22-287V, 2024 WL 4792887, at *4 (Fed. Cl. Spec. June 28, 2024); *see also Lagos v. Sec'y of Health & Hum. Servs.,* No. 19-436V, 2023 WL 3035076, at *3-4 (Fed. Cl. Spec. Apr. 21, 2023). Additionally, petitioner is requesting hourly rates ranging between $140.00 to $205.00 for work performed between 2017 and 2025. Pet'r. Int. Fee, Ex. 78.

Petitioner's request is consistent with what I and other special masters have previously awarded Ms. Diana Stadelnikas and Mctlaw. *See Barber v. Sec'y of Health & Hum. Servs.,* No. 19-607V, 2022 WL 2663230 (Fed. Cl. Spec. Mstr. Jun. 30, 2022); *Grace v. Sec'y of Health & Hum. Servs.,* No. 18-757V, 2025 WL 2589270, at *2 (Fed. Cl. Spec. Mstr. Aug. 13, 2025); *Kriebel v. Sec'y of Health & Hum. Servs.,* No. 21-1491V, 2025 WL 1235136, at*2 (Fed. Cl. Spec. Mstr. Apr. 1, 2025).

### C. Hours expended

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

I have reviewed the billing records filed in this matter and find the entries to be reasonable and consistent with the amount of work performed on this matter. Accordingly, no reductions are necessary.

### D. Attorneys' Costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34. Petitioner is requesting $28,900.52 in attorneys' costs, most of which are related to fees associated with the work performed by the three experts in this matter. Pet'r. Int. App., Ex. 79. Other costs, including obtaining medical records, the court filing fee, and postage, are also included in petitioner's request and these items are routinely reimbursed in the Vaccine Program.

Petitioner is requesting that Dr. Steinman be awarded a total of $8,250.00. Ex. 79. Dr. Steinman performed 16.5 hours of work on this matter at an hourly rate of $500.00. *Id.* at 52. Dr. Steinman has previously been awarded an hourly rate of $500.00, and he is familiar with the Vaccine Program. Additionally, the expert reports petitioner has submitted will be useful in evaluating petitioner's claim. Therefore, petitioner will be awarded the full amount requested for Dr. Steinman's work performed in this matter.

Petitioner also requests that Dr. Jeffrey Silverman, a diagnostic radiologist, to be awarded $7,380.00 for 14.3 hours of work at an hourly rate of $600.00 per hour. Dr. Silverman appears to be a well-qualified radiologist, and has testified in two other Vaccine Program cases. Given the specificity of the radiology issues in this case, Dr. Silverman's professional experience, and the amount he charged overall in this matter, I find that requested fee is reasonable. Accordingly, petitioner will be reimbursed for the full amount of Dr. Silverman's work in this matter.

Petitioner requests that Dr. Rohit Bakshi, a neuro-radiologist, be awarded $7,500.00 for 7.2 hours of work. Petitioner submitted one expert report from Dr. Bakshi, who reviewed petitioner's MRIs and provided his opinion regarding the characteristics of the lesions that

appeared on petitioner's MRIs.  As no additional expert reports are likely to be filed in this matter and the characteristics of petitioner's lesions appear to be a central issue that needs to be resolved, having a neuro-radiologist review petitioner's MRIs and provide an opinion appears to be reasonable.  Accordingly, Dr. Bakshi's requested fee shall be awarded in full.

The remaining costs incurred by petitioner's counsel appears to be reasonable and shall be awarded in full.

### IV. Conclusion

Given the above, the undersigned finds that an award of interim attorneys' fees and costs is warranted, and I **GRANT** petitioner's motion and award the following in reasonable interim attorneys' fees and costs:

A lump sum payment of $202,736.32, representing interim attorneys' fees and costs, to be paid through an ACH deposit to Mctlaw's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).